

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| DOUGLAS STEWART, | § | |
| Plaintiff, | § § § | |
| VS. | § | NO. 4:19-CV-417-A |
| UNITED STATES OF AMERICA, | § § § | |
| Defendant. | § | |

### MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of United States for summary judgment. Plaintiff, Douglas Stewart, has failed to respond to the motion, which is ripe for ruling. The court, having considered the motion, the record, including the summary judgment evidence, and applicable authorities, finds that the motion should be granted.

I.

### Plaintiff's Claims

On May 21, 2019, plaintiff filed his complaint in this case. Doc.[1] 1. Plaintiff asserts claims under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-80 ("FTCA"). Plaintiff complains that in September and October 2016, the Federal Medical Center where he is incarcerated implemented a policy requiring inmates to wear hard-toed boots. The boots cause pain

---

[1] The "Doc. __" reference is to the number of the item on the docket in this case.

to those like plaintiff with flat feet. Plaintiff experienced severe pain in the arch of his right foot. He says that although arch supports were ordered, he did not receive them. He admits that he finally saw a podiatrist, who placed him in a boot to relieve some of the pressure on the tendon in his right foot. However, as of the filing of the complaint, he had not received the MRI that would determine whether he needed surgery. Plaintiff alleges that he still suffers severe pain.

II.

Grounds of the Motion

The government asserts that plaintiff cannot provide any probative evidence on the essential elements of his medical malpractice claim, to wit: standard of care, breach, causation, and damages.

III.

Summary Judgment Principles

Rule 56(a) of the Federal Rules of Civil Procedure provides that the court shall grant summary judgment on a claim or defense if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The movant bears the initial burden of pointing out to the court that there is no genuine dispute as to any material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 325 (1986).

The movant can discharge this burden by pointing out the absence of evidence supporting one or more essential elements of the nonmoving party's claim, "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. at 323.

Once the movant has carried its burden under Rule 56(a), the nonmoving party must identify evidence in the record that creates a genuine dispute as to each of the challenged elements of its case. Id. at 324; see also Fed. R. Civ. P. 56(c) ("A party asserting that a fact . . . is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record . . . ."). If the evidence identified could not lead a rational trier of fact to find in favor of the nonmoving party as to each essential element of the nonmoving party's case, there is no genuine dispute for trial and summary judgment is appropriate. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 597 (1986). In Mississippi Prot. & Advocacy Sys., Inc. v. Cotten, the Fifth Circuit explained:

> Where the record, including affidavits, interrogatories, admissions, and depositions could not, as a whole, lead a rational trier of fact to find for the nonmoving party, there is no issue for trial.

929 F.2d 1054, 1058 (5th Cir. 1991).

The standard for granting a motion for summary judgment is the same as the standard for rendering judgment as a matter of law.[2] Celotex Corp., 477 U.S. at 323. If the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial. Matsushita, 475 U.S. at 597; see also Mississippi Prot. & Advocacy Sys., 929 F.2d at 1058.

IV.

Analysis

The record reflects that plaintiff filed his administrative tort claim on November 12, 2018. Doc. 1 at 11. The court does not have jurisdiction over claims that accrued after that time, since the FTCA requires exhaustion. McNeil v. United States, 508 U.S. 106, 111 (1993); 28 U.S.C. §§ 2401(b) & 2675.

The FTCA gives federal courts jurisdiction over claims against the United States for money damages for injuries caused by the negligent or wrongful act or omission of a government employee under circumstances where the United States, if a private person, would be liable to the claimant in accordance

---

[2] In Boeing Co. v. Shipman, 411 F.2d 365, 374-75 (5th Cir. 1969) (en banc), the Fifth Circuit explained the standard to be applied in determining whether the court should enter judgment on motions for directed verdict or for judgment notwithstanding the verdict.

with the law of the place where the act or omission occurred. Sheridan v. United States, 487 U.S. 392, 398 (1988)(quoting 28 U.S.C. § 1346(b)). Thus, because plaintiff's alleged injuries occurred here, Texas law applies. Ayers v. United States, 750 F.2d 449, 452 n.1 (5th Cir. 1985).

In Texas, health care liability claims are subject to strict pleading and proof requirements. N.Am. Specialty Ins. Co. v. Royal Surplus Lines Ins. Co., 541 F.3d 552, 561 (5th Cir. 2008). The plaintiff bears the burden of proving (1) the physician's duty to act according to an applicable standard of care; (2) a breach of that standard of care; (3) injury; and (4) causation. Hannah v. United States, 523 F.3d 597, 601 (5th Cir. 2008). Standard of care is the threshold issue and must be established by expert testimony unless the mode or form of treatment is a matter of common knowledge or is within the experience of a lay person. Id., 523 F.3d at 601-02; Quijano v. United States, 325 F.3d 564, 567 (5th Cir. 2003). The applicable standard is that of the community in which the treatment took place. Quijano, 325 F.3d at 568. Expert testimony is also required to establish that the breach proximately caused the harm suffered by the plaintiff. Guile v. United States, 422 F.3d 221, 225 (5th Cir. 2005); Garza v. Levin, 769 S.W.2d 644, 646 (Tex. App.—Corpus Christi 1989, writ denied).

This is not the type of case where breach and causation can be determined without expert testimony. See Haddock v. Arnspiger, 793 S.W.2d 948, 951 (Tex. 1990)(giving as examples operating on the wrong part of the body or leaving sponges within a body). The mode of treatment is simply not a matter of common knowledge within the general experience of the layman. Hannah, 523 F.3d at 602.

Where expert testimony is required and no expert has been designated, summary judgment is appropriate. Prindle v. United States, No. 4:10-CV-54-A, 2011 WL 1869795, at *1-2 (N.D. Tex. May 13, 2011); Woods v. United States, No. 3:08-CV-1670-D, 2010 WL 809601 (N.D. Tex. Mar. 8, 2010). That is the case here.

V.

Order

The court ORDERS that defendant's motion for summary judgment be, and is hereby, granted; that plaintiff take nothing on his claims against United States; and that such claims be, and are hereby, dismissed with prejudice.

SIGNED April 27, 2020.

_____
JOHN McBRYDE
United States District Judge